United States District Court
Southern District of New York

---------------------------------------------------------------x
                                                        :
EUROPEAN SCHOOL OF ECONOMICS                  08 CV   2235
FOUNDATION and ESE NYC, INC. d/b/a              08 Civ.
EUROPEAN SCHOOL OF ECONOMICS,                           :

                           Plaintiffs                   :

                                                        :       **NOTICE OF REMOVAL**

        - against -                                     :

                                                        :

TEKNOLOJI HOLDINGS A.S. and MEHMET
EMIN HITAY,

                           Defendants.

---------------------------------------------------------------x

MAR 0 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

        Defendants above-named, TEKNOLOJI HOLDINGS A.S. and

MEHMET EMIN HITAY (respectively "TEKNOLOJI" and "HITAY" and collectively

"defendants"), respectfully submit the following in support of their removal of

this action to this court:

        1.      Defendant TEKNOLOJI is a corporation incorporated in the

Republic of Turkey, with its principal place of business in Istanbul, Turkey.

TEKNOLOJI is a citizen of Turkey, and maintains no residence or place of

business in the United States.

2.    Defendant HITAY is a citizen of the Republic of Turkey and a resident of Istanbul, Turkey, and the principal executive officer of defendant TEKNOLOJI.  HITAY maintains no citizenship, residence or place of business in the United States.

3.    Plaintiff    EUROPEAN    SCHOOL    OF    ECONOMICS FOUNDATION is, according to publicly available electronic records from the New York State Department of State, Division of Corporations, a corporate entity organized under New York State law.[1]

4.    Plaintiff ESE NYC, INC. d/b/a EUROPEAN SCHOOL OF ECONOMICS is, according to publicly available electronic records from the New York State Department of State, Division of Corporations, a corporate entity organized under New York State law.[2]

5.    It is unclear whether the coupling d/b/a entity identified after the second-named plaintiff, ESE NYC, INC., is a separate entity or simply an incorporating reference to the first-named plaintiff, because the end-word "FOUNDATION" is missing from the name of the identified d/b/a entity.

---

[1] See www.dos.state.ny.us/corp/buscorp.html#dchange (corporation organized July 14, 2005) (last visited March 5, 2008).

[2] See www.dos.state.ny.us/corp/buscorp.html#dchange (corporation organized February 4, 2003) (last visited March 5, 2008).

6.     In February 2008 defendants received notice, *via* mail, of a summons and verified complaint issued out of the Supreme Court of the State of New York, County of New York, under Index No: 101003/08.  A true copy of that summons and verified complaint is attached hereto as Exhibit A.

7.     The verified complaint alleges that plaintiffs are, respectively, a New York State non-profit foundation and a New York State corporation "authorized to transact business in New York," and that plaintiff ESE NYC, INC.'s principal place of business is New York (see complaint ¶¶1, 3-4).[3]

8.     The verified complaint further alleges that defendants are Turkish-based nationals (see complaint ¶¶5-6).

9.     The verified complaint, narrating that plaintiffs "have no adequate remedy at law," seeks a declaratory judgment that a November 21, 2007 purported written Licensing Agreement between plaintiffs and defendants "is in full force and effect and is a binding contract," and a judicial determination that plaintiffs "are entitled to keep the 500,000 Euro which Defendants paid in consideration for the benefits received under the Licensing Agreement" (quoting complaint, prayer for relief ¶¶1-2; *see also* complaint ¶¶ 12-13).  The complaint did not annex the purported Licensing Agreement.

---

[3] The complaint does not identify the principal place of business of the first-named plaintiff, EUROPEAN SCHOOL OF ECONOMICS FOUNDATION.

10.    There have been no other proceedings in this state court action.

11.    The court has diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(2), in that plaintiffs are citizens of New York State with their principal places of business in New York State and defendants are citizens of the Republic of Turkey with their principal place of business in Istanbul, Turkey.

12.    Further, and relatedly, the amount here in controversy well exceeds $75,000.00.    See ¶9 above (quoting complaint's allegation that plaintiffs received 500,000 Euros from defendants).[4]

13.    The complaint alleges that defendant HITAY is a corporate principal of defendant TEKNOLOJI, and makes no specific claim of wrongdoing against HITAY.    HITAY would thus be a sham defendant for any otherwise appropriate analysis of the diversity of each plaintiff and defendant.

14.    In accordance with 28 U.S.C. § 1441, venue in this district is proper (see complaint ¶¶1-2).

---

[4] See, e.g., http://finance.yahoo.com/currency/convert?amt=1&from=EUR&to=USD&submit=Convert.  Noting March 5, 2008 Euro conversion rate of 1.5264; hence, 500,000 Euros to dollars yield $763,224 (last visited March 5, 2008).

- 4 -

15.     This notice of removal is timely, having been filed within 30 days from the date defendants received the summons with verified complaint *via* mail in Turkey.


WHEREFORE, defendants respectfully aver that this action has been properly removed to this court.

Dated:  New York, New York
        March 5, 2008


Respectfully submitted,


_____
Nusret A. Haker, Esq.
(NH 4696)
HAKER & OZISIK LLP
29 Broadway, Suite 1500
New York, New York 10006
 (212) 509-0099
*nusret@haker-ozisik.com*


Attorney for defendants


_____
GARETH W. STEWART, ESQ.
(GS 2371)
29 Broadway, 9th Floor
New York, New York 10006
 (646) 723-9504
*garethws@att.net*

Counsel to defendants


TO:

James M. Strauss, Esq.
PUTNEY TWOMBLY HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
 (212) 682-0020

Attorneys for plaintiffs

# EXHIBIT A

C 199—Summons without Notice, Supreme Court.
Personal or Substituted Service. 8-88

© 1973 BY JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

**Supreme Court of the State of New York**

**County of** NEW YORK

ROPEAN SCHOOL OF ECONOMICS FOUNDATION and
NYC, INC. d/b/a EUROPEAN SCHOOL OF
NOMICS

                                    **Plaintiff**

                    against

OLOJI HOLDINGS A.S. and MEHMET EMIN
Y

                                    **Defendant**

| | |
|---|---|
| **Index No.** | 101003/08 |

**Plaintiff**    designates

NEW YORK
**County as the place of trial**

**The basis of the venue is**

    Plaintiff's
    primary place
    of
    business

**Summons**

**Plaintiff** resides at

350 Fifth Ave, Suite 3309
New York, NY 10118
**County of**
**New York**

above named Defendant            Teknoloji Holdings AS

**You are hereby summoned** to answer the complaint in this action and to serve
of your answer, or, if the complaint is not served with this summons, to serve a notice of
nce, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive
day of service (or within 30 days after the service is complete if this summons is not personally
d to you within the State of New York); and in case of your failure to appear or answer, judg-
ill be taken against you by default for the relief demanded in the complaint.

t's address:

Teknoloji Plaza
Eski Buyukdere Cad. Ozcan Sok,
No. 2 344416
4 Levent-Istanbul, Turkey

James Strauss

**Attorney(s) for Plaintiff**

**Post Office Address**

Putney, Twombly Hall & Hirson LL
521 Fifth Ave
New York, NY 10175
(212)-682-0020

*Index no.*

## Supreme Court of the State of New York
County of NEW YORK

European School of
Economics Foundation et a                    *Plain.*

*against*

Teknoloji Holdings A.S. e                     *Defenda*

**Summons**
ACTION NOT BASED UPON A
CONSUMER CREDIT TRANSACTION

Putney Twombly Hall & Hir
521 Fifth Ave, NY, NY 101
*Attorney(s) for Plaintiff(s)*

*Office, Post Office Address and Tel. No.*

(212)-682-0020

---

## AFFIDAVIT OF SERVICE

State of New York, County of                                 ss:

The undersigned, being duly sworn, deposes and says; that
deponent is not a party to the action, is over 18 years of age and
resides at

That on                    19        at                              on

deponent served the within summons

                                                              defendant

**INDIVIDUAL**
**1.** ☐  by delivering a true copy of *each* to said defendant
personally; deponent knew the person so served to
be the person described as said defendant therein.

**CORPORATION** a
**2.** ☐  by delivering thereat a true copy of *each* to
                                                      corporation.
personally, deponent knew said corporation so served to be the
corporation described in said summons as said defendant and
knew said individual to be

**SUITABLE**
**AGE PERSON**
**3.** ☐  by delivering thereat a true copy of *each* to
                                                              thereof.
                                              a person of suitable
age and discretion. Said premises is defendant's—actual place of
business—dwelling place—usual place of abode—within the
state.

**AFFIXING TO**
**DOOR, ETC.**
**4.** ☐  by affixing a true copy of *each* to the door of said
premises, which is defendant's—actual place of
—within the state. Deponent was unable, with due diligence, to
find defendant or a person of suitable age and discretion thereat,
having called there
business—dwelling place—usual place of abode

**MAILING TO**
**RESIDENCE**
**USE WITH**
**3 OR 4**
**5A.** ☐  Within 20 days of such delivery or affixing,
deponent enclosed a copy of same in a postpaid
envelope properly addressed to defendant at
defendant's last known residence, at

and deposited said envelope in an official depository under the
exclusive care and custody of the U.S. Postal Service within New
York State.

**MAILING TO**
**BUSINESS**
**USE WITH**
**3 OR 4**
**5B.** ☐  Within 20 days of such delivery or affixing,
deponent enclosed a copy of same in a first class
postpaid envelope properly addressed to defendant
at defendant's actual place of business, at

---

**DESCRIPTION**
**USE WITH**
**1, 2 or 3**
☐

☐ Male
☐ Female

☐ White Skin
☐ Black Skin
☐ Yellow Skin
☐ Brown Skin
☐ Red Skin

☐ Black Hair
☐ Brown Hair
☐ Blonde Hair
☐ Gray Hair
☐ Red Hair
☐ White Hair
☐ Balding
☐ Mustache
☐ Beard
☐ Glasses
☐ 14-20 Yrs.
☐ 21-35 Yrs.
☐ 36-50 Yrs.

☐ 51-65 Yrs
☐ Over 65 Y

☐ Under 5'
☐ 5'0"-5'3"
☐ 5'4"-5'8"
☐ 5'9"-6'0"
☐ Over 6'
☐ Under 10(
☐ 100-130 L
☐ 131-160 L
☐ 161-200 L
☐ Over 200 l

Other identifying features:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------

EUROPEAN SCHOOL OF ECONOMICS
FOUNDATION and ESE NYC, INC. d/b/a
EUROPEAN SCHOOL OF ECONOMICS,

                Plaintiffs,

    - against -

TEKNOLOJI HOLDINGS A.S. and MEHMET
EMIN HITAY,

                Defendants.

---------------------------------------------------------

Index No. __101003/08__

**VERIFIED COMPLAINT FOR**
**DECLARATORY JUDGMENT**

        Plaintiffs European School of Economics Foundation ("ESEF") and ESE NYC, Inc.

d/b/a European School of Economics ("ESE"), by their attorneys, Putney, Twombly, Hall & Hirson

LLP, as and for their Verified Complaint for Declaratory Judgment against Defendants Teknoloji

Holdings A.S. ("Teknoloji Holdings") and Mehmet Emin Hitay ("Hitay"), allege upon information

and belief, as follows:

                      **JURISDICTION AND VENUE**

        1.      The claims asserted herein arise under the common law of the State of

New York. This Court has jurisdiction over this action since ESE maintains a principal place

of business in New York State and the contract at issue in this lawsuit was formed, agreed to and/or

created in New York County, New York.

        2.      Venue is properly laid in the County of New York since ESE maintains

offices in New York County and the contract at issue in this lawsuit was formed, agreed to and/or

created in New York County, New York.

## THE PARTIES

3.      At all times relevant hereto, Plaintiff European School of Economics Foundation was and is a New York State not-for-profit foundation authorized to transact business in the State of New York.

4.      At all times relevant hereto, Plaintiff ESE NYC, Inc. d/b/a European School of Economics was and is a New York State educational corporation and is authorized to transact business in the State of New York.

5.      Upon information and belief, Defendant Teknoloji Holdings A.S. is a foreign holding company with a principal place of business located at Teknoloji Plaza, Eski Buyukdere Cad. Ozcan Sok. No. 2 344416, 4.Levent-Istanbul, Turkey.

6.      Upon information and belief, Defendant Mehmet Emin Hitay is an officer, director, owner and/or principal of Defendant Teknoloji Holdings A.S. and a resident of the Republic of Turkey, with a principal place of business located at Teknoloji Plaza, Eski Buyukdere Cad. Ozcan Sok. No. 2 344416, 4.Levent-Istanbul, Turkey.

## SUBSTANTIVE ALLEGATIONS

7.      ESE is a private college of higher education which offers undergraduate and post-graduate programs to its students.  ESE has centers in London, England; New York, New York; and Rome, Milan and Lucca, Italy.

8.      In or around November 2007, representatives of Plaintiffs met with Defendant Hitay for purposes of opening up an ESE campus in the Republic of Turkey.

2

9.    Among other things, Plaintiffs and Defendants agreed that in exchange for, among other things, 500,000 Euro, Defendant Teknoloji Holdings would receive, among other things, a license for the use of the registered ESEF and ESE name and logo and all concomitant rights associated therewith for purposes developing a teaching facility similar to ESE's New York, New York center.

10.    Further according to the parties' agreement, the territory where the license would be valid was limited to the Republic of Turkey.

11.    Further according to the parties' agreement, the Agreement is to be governed by New York law.

12.    After negotiations between the parties, Plaintiffs and Defendants entered into a written Licensing Agreement contract dated November 21, 2007.

13.    Paragraph 6 of the Licensing Agreement entered into between the parties provides that upon signing the Licensing Agreement, Defendant Teknoloji Holdings became obligated to pay Plaintiffs 500,000 Euro in exchange for the rights to the ESE and ESEF name and logo.  As stated in paragraph 6 of the Licensing Agreement:

6.    TH [i.e., Defendant Teknoloji Holdings] shall pay upon receipt of this agreement, a fee in the amount of euro 500,000.00 in consideration for the use of:

- The ESEF name and logo in the Turkish territory

- The ESE name and logo in the Turkish territory

The above-mentioned fee may be paid by international USD draft or by wire transfer to the following bank account:

ESE NYC INC.
HSBC Bank USA

3

Account # 012808377
ABA # 021001088
SWIFT CODE # MRMDUS33

14.    The binding nature of the Licensing Agreement is evidenced by the fact that on November 26, 2007, Defendants wired 500,000 Euro to Plaintiffs in accordance with the wiring instructions listed in paragraph 6 of the Licensing Agreement.

15.    The 500,000 Euro wired to Plaintiffs was received by Plaintiffs on November 28, 2007.

16.    Subsequent to the Licensing Agreement becoming a binding contractual obligation between the parties, Defendant Hitay attempted to re-negotiate certain of the Licensing Agreement's terms.

17.    In January 2008, due to Plaintiffs' refusal to re-negotiate the Licensing Agreement's terms to Defendant Hitay's satisfaction, Defendant Hitay made a demand on Plaintiffs for a return of the 500,000 Euro which Defendant paid in consideration for the benefits received under the Licensing Agreement.

18.    Among other things, as grounds for his demand for the return of the 500,000 Euro, Defendant Hitay has contended to Plaintiffs that no contract exists between the parties.

19.    Pursuant to the binding contractual obligation between the parties, Plaintiffs are entitled to keep the 500,000 Euro which Defendants paid in consideration for the benefits received under the Licensing Agreement.

4

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

20.     Plaintiffs repeat, reiterate and reallege each and every allegation of paragraphs 1 through 19 of the Complaint, inclusive, as if fully set forth at length herein.

21.     In November 2007 Plaintiffs and Defendants entered into a binding contract with one another as memorialized in the Licensing Agreement.

22.     The binding nature of the Licensing Agreement is evidenced by Defendants' compliance with the obligation detailed in paragraph 6 of the Licensing Agreement to, upon acceptance of the Licensing Agreement's terms, wire transfer 500,000 Euro to Plaintiffs.

23.     Receipt by Plaintiffs of Defendants' 500,000 Euro payment pursuant to the terms of the Licensing Agreement is acknowledged.

24.     Defendant Hitay improperly has attempted to repudiate the parties' contract by demanding a return of the consideration he paid in exchange for the consideration Defendants received under the Licensing Agreement's terms.

25.     By virtue of Defendant Hitay's attempt to unilaterally void his binding obligation to Plaintiffs and his demand for a return of the consideration Defendants paid under the Licensing Agreement's terms, Plaintiffs are entitled to a declaration that a binding contract exists between the parties which is entitled to full force and effect and that Plaintiffs are entitled to keep the 500,000 Euro which Defendants paid in consideration for the benefits received under the Licensing Agreement..

26.     Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment against Defendants that the Court:

5

1.     Determine and declare that the Licensing Agreement is in full force and effect and is a binding contract between Plaintiffs and Defendant Teknoloji Holdings;

2.     Determine and declare that pursuant to the binding contractual obligation between the parties, Plaintiffs are entitled to keep the 500,000 Euro which Defendants paid in consideration for the benefits received under the Licensing Agreement; and

3.     Grant such other and further relief as it may deem just, proper, and equitable, including interest, cost and attorneys' fees.

Dated:  New York, New York
         January 22, 2008

PUTNEY TWOMBLY HALL & HIRSON LLP

By _____

         James M. Strauss

521 Fifth Avenue
New York, New York 10175
Telephone: 212-682-0020
Telefax: 212-682-9380

*Attorneys for Plaintiff's European School of Economics Foundation and ESE NYC, Inc. d/b/a European School of Economics*

6

## VERIFICATION

The undersigned affirms under penalty of perjury that I am the Secretary and Treasurer both of Plaintiff ESE NYC, Inc. d/b/a European School of Economics and Plaintiff European School of Economics Foundation and that I have read the foregoing Verified Complaint and know the contents thereof and the same is true to the knowledge of your affirmant except as to the matters therein alleged upon information and belief and that as to those matters I believe them to be true.

Dated: New York, New York
       January 22, 2008

                              Alessandro Nomellini

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

08 CV 2235

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| EUROPEAN SCHOOL OF ECONOMICS FOUNDATION and ESE NYC, INC. d/b/a EUROPEAN SCHOOL OF ECONOMICS | TEKNOLOJI HOLDING S.A. and MEHMET EMIN... |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Putney Twombly Hall & Hirson LLP    (Tel: 212 682-0020) 521 Fifth Avenue, New York, New York 10175 | Gareth W. Stewart    (Tel: 646 723-9504) 29 Broadway, 9th Floor, New York, New York 10006 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332(a)(2). State court breach of contract and declaratory judgment action removed to federal court on ground of parties' diversity of citizenship and that the amount in controversy exceeds $75,000.00.

Has this or a similar case been previously filed in SDNY at any time? No [x] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

**ACTIONS UNDER STATUTES**

| TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[x] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

---

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| *(PLACE AN x IN ONE BOX ONLY)* | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2a. Removed from<br>State Court<br>☐ 2b. Removed from State Court<br>AND at least one party is a pro se litigant | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>(Specify District) | ☐ 6 Multidistrict<br>Litigation | ☐ 7 Appeal to District<br>Judge from<br>Magistrate Judge<br>Judgment |

| *(PLACE AN x IN ONE BOX ONLY)* | | BASIS OF JURISDICTION | | *IF DIVERSITY, INDICATE* |
|---|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☐ 3 FEDERAL QUESTION<br>(U.S. NOT A PARTY) | ☒ 4 DIVERSITY | *CITIZENSHIP BELOW.*<br>*(28 USC 1332, 1441)* |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x]1 [ ]1 | CITIZEN OR SUBJECT OF A<br>FOREIGN COUNTRY | [ ]3 [x]3 | INCORPORATED <u>and</u> PRINCIPAL PLACE<br>OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED <u>or</u> PRINCIPAL PLACE<br>OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

350 Fifth Avenue, 33rd Floor
New York, New York 10118

New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Teknoloji Plaza, Eksi Buyukdere Cad. Ozcan Sok.
No.2 344416, 4. Levent-İstanbul, Turkey

Republic of Turkey

DEFENDANT(S) ADDRESS UNKNOWN
  REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: | ☐ WHITE PLAINS | ☒ FOLEY SQUARE |
|---|---|---|---|
| | (DO NOT check either box if this a PRISONER PETITION.) | | |

| DATE<br>March 5, 2008<br>RECEIPT # | SIGNATURE OF ATTORNEY OF RECORD<br>*(signature)* | ADMITTED TO PRACTICE IN THIS DISTRICT<br>[ ] NO<br>[x] YES (DATE ADMITTED  Mo. 06    Yr. 1988  )<br>Attorney Bar Code # 2371   (GS: 2371) |
|---|---|---|

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____ .

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUROPEAN SCHOOL OF ECONOMICS FOUNDATION and ESE NYC, INC. d/b/a EUROPEAN SCHOOL OF ECONOMICS, | Plaintiff, |
| –v– | |
| TEKNOLOJI HOLDINGS A.S. and MEHMET EMIN HITAY, | Defendant. |

08 CV 2235

Case No._____

**Rule 7.1 Statement**

MAR 0 6 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for

TEKNOLOJI HOLDINGS A.S. and MEHMET EMIN HITAY    (a private non-governmental party)

certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

NONE

**Date:**    March 5, 2008 _____

_____
**Signature of Attorney**

**Attorney Bar Code:** GS: 2371 _____

United States District Court
Southern District of New York

08 Civ.

------------------------------------------------------------------------------------------

EUROPEAN SCHOOL OF ECONOMICS
FOUNDATION and ESE NYC, INC. d/b/a
EUROPEAN SCHOOL OF ECONOMICS,

Plaintiffs,

- against -

TEKNOLOJI HOLDINGS A.S. and MEHMET
EMIN HITAY,

Defendants.

------------------------------------------------------------------------------------------

# NOTICE OF REMOVAL

Nusret A. Haker, Esq.
(NH 4696)
HAKER & OZISIK LLP
29 Broadway, Suite 1500
New York, New York 10006
 (212) 509-0099
*nusret@haker-ozisik.com*

Attorney for defendants

GARETH W. STEWART, ESQ.
 (GS 2371)
29 Broadway, 9th Floor
New York, New York 10006
 (646) 723-9504
*garethws@att.net*

Counsel to defendants