United States District Court
Southern District of New York
------------------------------------------------------------x
                                                            :
EUROPEAN SCHOOL OF ECONOMICS                                :
FOUNDATION and ESE NYC, INC. d/b/a                          :    08 Civ. 2235 (TPG)
EUROPEAN SCHOOL OF ECONOMICS,                               :

                Plaintiffs,                          **ANSWER WITH**
                                                            :    **COUNTERCLAIM**
  - against -

                                                            :
TEKNOLOJI HOLDINGS A.S. and MEHMET
EMIN HITAY,
                                                            :
                Defendants.
                                                            :
------------------------------------------------------------x

        Defendants above-named, TEKNOLOJI HOLDINGS A.S. and MEHMET EMIN HITAY, by their counsel, Nusret A. Haker and Gareth W. Stewart, as and for their answer and counterclaim to plaintiffs' complaint, respectfully allege as follows:

        1.    Admit the allegations in complaint ¶¶1-2, save deny plaintiffs' underlying allegation that the parties herein finalized any agreement reflecting their mutual understanding.

        2.    Admit, upon information and belief, the allegations in complaint ¶¶3-4.

- 2 -

3. Admit the allegations in complaint ¶¶5-6, save aver that defendant's correct legal name is TEKNOLOJI HOLDING A.S., not TEKNOLOJI HOLDINGS A.S. as alleged.

4. Lack knowledge or information sufficient to form a belief as to the allegation in complaint ¶7, that plaintiffs maintain offices in locations other than New York.

5. Admit the allegations in complaint ¶8.

6. Deny the allegations in complaint ¶9, save admit that the 500,000 Euros was the proposed initial consideration to plaintiffs due upon the parties' finalization and execution of certain agreements including, specifically, a licensing agreement for a plaintiffs-branded instructional facility in Turkey.

7. Deny the allegations in complaint ¶10.

8. Deny that the licensing agreement contemplated by defendants, if finalized by the parties, would have been governed by New York law, as alleged in complaint ¶11.

9. Deny the allegations in complaint ¶12, that the parties finalized or executed any agreements.

10. Deny the allegations in complaint ¶13, that the parties finalized or executed any agreements.

11. Deny the allegations in complaint ¶14, that the parties finalized or executed any agreements, and affirmatively aver that the 500,000 Euros payment was wired in advanced to plaintiffs to telecast defendants' good faith willingness to enter, and financial ability to fund, the venture identified and specified in the final agreements to be negotiated by the parties.

12. Admit, upon information and belief, the allegation in complaint ¶15.

13. Deny the allegations in complaint ¶16, that the parties finalized or executed any agreements.

14. Deny the allegations in complaint ¶17, that the parties finalized or executed any agreements and that defendants received any benefits from the unfinalized agreements plaintiffs presented to defendants for consideration, and admit defendants' January 2008 demand for return of the 500,000 Euros advanced in November 2007.

15. Deny the allegations in complaint ¶18, save admit defendants' effective narration that "no contract exists between the parties."

16. Deny the allegations in complaint ¶19, and affirmatively aver that defendants received no benefits under the unsigned purported agreements and garnered no benefits from plaintiffs' preparation and presentation of said purported agreements for defendants' consideration.

17. Deny the allegation in complaint ¶21, and affirmatively aver that defendants did not embrace, adopt or execute the purported agreements prepared by plaintiffs and presented for defendants' consideration.

18. Deny the allegation in complaint ¶22, and refer to defendants' averments in ¶11 above.

19. Deny the allegation in complaint ¶23, that the parties finalized or executed any agreements.

20. Deny the allegations in complaint ¶24, that the parties finalized or executed any agreements.

21. Deny the allegations in complaint ¶25, that the parties finalized or executed any agreements.

22. Lack knowledge or information sufficient to form a belief as to the allegation in complaint ¶26.

**AFFIRMATIVE DEFENSES**

23.  The complaint fails to state a claim on which any legal or equitable relief can be granted.

24.  The complaint is barred by the statute of frauds, and there was not a meeting of the minds with respect to the purported agreements.

25.  The purported agreements plaintiffs prepared, contemplated and required the parties' signatures as a precondition to their effectiveness.

26.  Prior to finalizing and signing the required licensing agreement, defendants in good faith wired plaintiffs the 500,000 Euros payment that was the agreed initial consideration for an instructional facility the parties then contemplated that plaintiffs would effectively design and operate in Turkey.

27.  The parties did not ultimately finalize or sign any licensing agreement, and plaintiffs neither designed nor operated the contemplated instructional facility in Turkey.  Thus, there has been a total failure of consideration warranting the return of defendants' 500,000 Euros.

**COUNTERCLAIM**

28.  Defendants repeat and reiterate their earlier admissions, denials and affirmative defenses herein.

29. Plaintiffs and defendants did not at first negotiate, settle upon or otherwise agree to a "term sheet" abstract of the key provisions that must ultimately be reflected in the parties' finalized agreements.

30. Plaintiffs and defendants did not at first negotiate, settle upon or otherwise agree to the material and essential terms that must ultimately be reflected in the parties' finalized agreements, including legal provisions as mandated by applicable Turkish law.

31. Due to a differing of the parties' minds, defendants did not finalize or execute the agreements being negotiated with plaintiffs, received no benefits under the aforesaid purported agreements referenced in the complaint, and plaintiffs are thus improperly and unjustly enriched by the 500,000 Euros defendants wired in advanced to plaintiffs.

32. Due to a differing of the parties' minds, defendants did not finalize or execute the agreements being negotiated with plaintiffs, received no benefits under the aforesaid purported agreements referenced in the complaint, and plaintiffs must accordingly, as and for moneys had and received, return the 500,000 Euros defendants wired in advanced to plaintiffs.

WHEREFORE, defendants demand judgment dismissing plaintiffs' complaint, judgment on their counterclaims with CPLR interest of 9% from

November 2007, the costs and disbursements of this action, together with such other and further relief as may be reasonable and just.

Dated:  New York, New York
        March 19, 2008

Respectfully submitted,

_____
Nusret A. Haker, Esq.
(NH: 4696)
HAKER & OZISIK LLP
29 Broadway, Suite 1500
New York, New York 10006
 (212) 509-0099
*nusret@haker-ozisik.com*

Attorney for defendants

_____
GARETH W. STEWART, ESQ.
 (GS: 2371)
29 Broadway, 9th Floor
New York, New York 10006
 (646) 723-9504
*garethws@att.net*

Counsel to defendants

TO:

James M. Strauss, Esq.
(JS: 4734)
PUTNEY TWOMBLY HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
 (212) 682-0020
*jstrauss@putneylaw.com*

Attorneys for plaintiffs

## CERTIFICATE OF SERVICE

I, Gareth W. Stewart, certify that the following individual was served on this March 19, 2008 with the annexed ANSWER WITH COUNTERCLAIM by the below identified method of service.

Regular Mail & ELECTRONIC MAIL

James M. Strauss, Esq.
PUTNEY TWOMBLY HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
 (212) 682-0020
jstrauss@putneylaw.com

Attorneys for plaintiffs

Dated:     New York, New York
           March 19, 2008

Gareth W. Stewart, Esq.

United States District Court
Southern District of New York

08 Civ. 2235 (TPG)

-------------------------------------------------------------------------------------------------

EUROPEAN SCHOOL OF ECONOMICS
FOUNDATION and ESE NYC, INC. d/b/a
EUROPEAN SCHOOL OF ECONOMICS,

        Plaintiffs,

 - against -

TEKNOLOJI HOLDINGS A.S. and MEHMET
EMIN HITAY,

        Defendants.

-------------------------------------------------------------------------------------------------

_____

# ANSWER WITH COUNTERCLAIM

_____

| | |
|---|---|
| Nusret A. Haker, Esq. | GARETH W. STEWART, ESQ. |
| (NH: 4696) | (GS: 2371) |
| HAKER & OZISIK LLP | 29 Broadway, 9th Floor |
| 29 Broadway, Suite 1500 | New York, New York 10006 |
| New York, New York 10006 | (646) 723-9504 |
| (212) 509-0099 | *garethws@att.net* |
| *nusret@haker-ozisik.com* | |
| | Counsel to defendants |
| Attorney for defendants | |